IN RE GUARDIANSHIP OF GALLAGHER, INCOMPETENT: GALLAGHER, APPELLANT, *v.* ROLFES, GUARDIAN, APPELLEE.

(No. 741—Decided July 15, 1981.)

*Mr. Robert C. Paxton, II, Mr. James H. Halleran* and *Mr. James M. Toomey,* for appellant, Lucy M. Gallagher.

*Mr. James W. Rolfes, Sr.,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Madison County.

Now, therefore, the assignments of error having been considered, are passed upon in conformity with App. R. 12(A) as follows:

On January 16, 1979, the Court of Common Pleas, Probate Division, Madison County, Ohio, determined that Lucy M. Gallagher was an incompetent person by reason of advanced age and physical infirmity, whereupon Robert A. Kaveney was appointed guardian of her person and estate following an evidentiary hearing.

In February of 1980, the guardian resigned and on February 4, 1980, James W. Rolfes, Sr., was appointed as the successor guardian. No evidence was introduced prior to this appointment.

The appellant alleges that she does not need a guardian of the person as she is mentally competent to take care of herself; and that since she is mentally competent, she should be permitted to select her own guardian. This has been the position of the appellant ever since the 15th of February, 1980, when she filed an application for a change of guardian, which application was denied for the reason that the application failed to satisfy the requirements of the law, or the Rules of Civil Procedure.

Thereafter, on the 21st day of October, 1980, the appellant filed a motion to terminate the guardianship; and it is from the order overruling this motion that the appellant appeals.

The appellant's fourth, fifth, sixth and seventh assignments of error challenge the constitutionality of R.C. Chapter 2111 and the various statutes for the appointment of a guardian. However, no such challenge was made in the trial court and we decline to rule upon these questions for that reason. See *Moats* v. *Metropolitan Bank of Lima* (1974), 40 Ohio St. 2d 47, 49 [69 O.O.2d 323].

The appellant's first assignment of error is as follows:

"The trial court committed reversible error in failing to terminate the guardianship of Lucy M. Gallagher pursuant to appellant's motions filed with the court for said termination on February 15, 1980, April 3, 1980, and October 21, 1980, said guardianship being void as a matter of law."

The appellant, in her brief points out that the basis for the application for the appointment of a guardian was that the appellant is incompetent by reason of advanced age, infirmity and by reason thereof incapable of taking proper care of herself and her property. The judgment entry making the appointment of a guardian stated:

"The court finds that said Lucy M. Gallagher also known as Lucy Gallagher is an incompetent person by reason of advanced age and physical infirmity * * *."

R.C. 2111.02 provides, in part, as follows:

"If a person is incompetent due to physical disability, the consent of the incompetent must first be obtained before the appointment of a guardian for him, and such person may select a guardian who shall be appointed if a suitable person."

The original papers show that the consent of Lucy Gallagher was not obtained prior to the appointment of the guardian on January 16, 1979. However, the transcript of the proceedings does indicate that Mrs. Gallagher requested Robert A. Kaveney, the applicant, to be her guardian and that he was appointed guardian of the person and estate of Lucy

M. Gallagher on the 16th of January, 1979.

Subsequent to that time, differences arose between the guardian and Mrs. Gallagher after which Robert A. Kaveney submitted his resignation as her guardian; and on the 4th day of February, 1980, James W. Rolfes, Sr., was appointed the successor guardian. The application for the appointment of the successor guardian alleged that Lucy Gallagher is incompetent by reason of advanced age, infirmity, and by reason thereof is incapable of taking proper care of herself and her property. The judgment entry which was filed February 4, 1980, appointing James W. Rolfes, Sr., as guardian stated:

"The court finds that Lucy M. Gallagher is an incompetent person by reason of advanced age and physical infirmity and was so found by this court's order of January 16, 1979, and that Robert A. Kaveney, guardian, has resigned and that the appointment of a successor guardian is necessary in that she is incapable of taking proper care of herself and her property."

The Court of Appeals for Knox County in the case of *In re Irvine* (1943), 72 Ohio App. 405 [27 O.O. 332], considered an application to terminate a guardianship, which guardianship was almost identical to the case *sub judice*. In *In re Irvine*, the application for appointment of the guardian recited that:

"Flora B. Irvine is incompetent by reason of advanced age and physical disability."

That court, in ordering the appointment of a guardian and making the finding of incompetency recited, "Flora B. Irvine is incompetent and therefore is incapable of taking care of and preserving her property." In that case the only knowledge of the proposed ward's consent to the appointment was a statement by the attorney for the applicant to the effect that the ward had consented to the guardian's appointment. The court in the second paragraph of the syllabus, in interpreting former G.C. 10507-2, which is comparable to the second paragraph of R.C. 2111.02, said:

"The spirit and purpose of the provision of Section 10507-2, General Code, 'that if the incompetency' of an incompetent 'be due to physical disability or infirmity the consent of the incompetent' to the appointment of a guardian 'must first be obtained,' requires that 'the consent' should be in writing or made in open court by the proposed ward who is mentally competent."

An examination of the transcript of the proceedings of January 16, 1979, indicates that the only person who testified as to the mental alertness and competency of Lucy Gallagher was Paul Gallagher, a relative of her deceased husband, who stated that he based his opinion on the fact that "most of the time she forgets." The required degree of proof of mental incompetency is by clear and convincing evidence. See, *In re Guardianship of Corless* (1981), 2 Ohio App. 3d 92. This is not clear and convincing evidence of her inability to provide for her personal needs. The evidence before the court did not meet that test. Thus, regardless of the actual mental condition of Lucy Gallagher at that time, the trial court did not have before it sufficient evidence to permit that court to conclude that Lucy Gallagher was mentally incompetent; and under those circumstances a guardian could not be appointed without the consent of the appellant. Therefore, as in the case of *In re Irvine, supra,* the guardian "must be removed and the ward restored to full control of her undiminished estate."

Even if the necessary degree of proof had been met at the time of the initial appointment of a guardian, the deposition of W. Beale Lutz, M.D., which was admitted into evidence at the November 26, 1980, hearing and the testimony of Father Francis X. Sweitzer established that Lucy Gallagher was at that time mentally competent.

R.C. 2111.47 reads in part as follows:

"Upon reasonable notice to the guardian, to the ward, to the person on whose application the appointment was made, and upon satisfactory proof that the necessity for the guardianship no longer exists or that letters of appointment were improperly issued, the probate court shall order that the guardianship of an incompetent terminate and shall make an appropriate entry upon the journal * * *."

The deposition of W. Beale Lutz, M.D., which was taken November 18, 1980, states that he had known the appellant three to four years and in response to the questions of whether a guardian of the person was necessary he said:

"I can see sometime in the future a guardian of her person would be required but so far she has been cooperative and being satisfied I think with the eternal hope sometime she can return home."

However, Dr. Lutz did say that he did not believe that the appellant could run the farm, take care of and protect her assets and pay her bills. Although the testimony is not persuasive, it suggests the possible need for a guardian of the estate only.

Father Sweitzer, the priest who served as chaplain of St. Luke's Convalescent Center in Columbus during the time the appellant has been confined there, has an unusual background. He served for fifteen years as chaplain at Ohio Northern University. While there he attended "practically all of the classes in the law school for three years." He testified further that he also attended "courses in psychology and sociology and the like at Wooster University."

Thereafter, Father Sweitzer did counseling work at the Ohio State Penitentiary and counseling work at the Fairfield School for Boys. His present parish consists mostly of elderly people. In addition, he was serving as guardian of the estate of a ninety year old man who was physically incapacitated. Father

Sweitzer also testified that in his present position as chaplain of St. Luke's Convalescent Center it was his responsibility to determine whether or not a person is mentally capable to receive communion.

Father Sweitzer testified that in his capacity as chaplain at St. Luke's Convalescent Center, he had known Lucy Gallagher ever since she came there and that he was well acquainted with her.

Certainly a man of his education, background and experience, although not trained in the field of medicine, is in a position to express an opinion as to the competency of Lucy Gallagher to take care of herself, and Father Sweitzer said, "Lucy Gallagher is a woman of sound judgment and good reasoning." Thus, even if on January 16, 1979, the trial court had had before it clear and convincing evidence of mental incompetency, there is no doubt that she is now competent.

Therefore, we find the appellant's first assignment of error well taken and do sustain the same.

The appellant's second assignment of error reads as follows:

"The trial court committed reversible error in failing to allow the deposition of Dr. Herbert L. Pariser into evidence at the termination hearing on November 26, 1980, and further by failing to reopen the hearing for additional evidence."

The appellant scheduled the deposition of one Herbert L. Pariser, a physician, for a Tuesday afternoon. The appellee appeared at the time and place stated in the notice as did a court reporter, but the witness did not appear. There is nothing in the record to indicate that the witness was subpoenaed and the record indicates that the witness marked the deposition on his calendar for the wrong date. Upon learning this, the appellant rescheduled the deposition for the Friday of the same week which was the only date that the witness was available prior to the trial; and notice was given to the appellee by telephone on Wednesday

that the deposition was scheduled for Friday, two days thence. The appellee was unable to be present and the appellant proceeded to take the deposition. The appellee asked the court for a protective order; and the court, after determining the facts surrounding the taking of the deposition, sustained the motion for the protective order. Thus, the deposition of Dr. Pariser was not admitted into evidence.

Civ. R. 32(A) provides in part:

"At the trial or upon the hearing of a motion for an interlocutory proceeding, any part or all of the deposition, so far as admissible under the rules of evidence applied as though the witness were present and testifying, may be used against any party who was present or represented at the taking of the deposition or *who had reasonable notice thereof*, in accordance with any of the following provisions:

"\* \* \*

"(3) \* \* \* (e) that the witness is an attending physician or medical expert, although residing within the county in which the action is heard; [emphasis added] \* \* \*."

We find that the notice given by telephone on Wednesday to an attorney in London, Ohio, that a deposition will be taken at 8:30 A.M. on Friday of the same week in an office in Columbus, Ohio, is not sufficient notice pursuant to Civ. R. 32(A). Therefore, the appellant's second assignment of error is overruled.

The appellant's third assignment of error is as follows:

"The trial court committed reversible error in failing to acknowledge appellant's counsel of record in the motion to terminate the guardianship and further by taxing costs to the appellant's attorney and not the ward or her estate."

Having sustained the appellant's first assignment of error, we are bound to determine that the appellant had the capacity to employ Robert C. Paxton, II, as her attorney. Thus, although the appellant was not permitted to be present,

or to testify, we conclude that Mr. Paxton appeared as the appellant's attorney; and since the appellant prevailed, the costs must be taxed to the appellee.

Therefore, the appellant's third assignment of error is sustained.

The appellant's eighth assignment of error is as follows:

"The trial court abused its discretion in failing to ensure that all the evidence was presented at the hearing of appellant's guardianship termination and, when the said trial court learned that Lucy M. Gallagher was not permitted to attend her hearing, another hearing should have been scheduled."

We said in *In re Guardianship of Corless, supra,* that if at the hearing upon the application for the appointment of a guardian, the prospective ward is not physically able "to be present at the hearing, the appointment should be delayed until the court has had the opportunity to observe that person." We feel that this rule applies equally to a motion for termination of a guardianship.

Therefore, the appellant's eighth assignment of error is sustained.

The appellant's ninth and final assignment of error is as follows:

"The decision of the trial court to continue the mental guardianship of Lucy M. Gallagher is against the manifest weight of the evidence as introduced on November 26, 1980 and therefore, as a matter of law, must be reversed."

We find that our disposition of the appellant's first assignment of error is dispositive of the ninth assignment of error.

Therefore, for the reasons given in ruling upon the appellant's first assignment, her ninth assignment of error is sustained.

All assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order appealed from be, and the same is hereby reversed.

It is further ordered that the guardianship of Lucy M. Galllagher is hereby terminated and that the cost be taxed to the appellee.

*Judgment reversed and guardianship terminated.*

CASTLE, P.J., HENDRICKSON and KOEHLER, JJ., concur.