## In re Medsker
### Case No. 58119
### Cuyahoga County, (8th)
### Decided February 15, 1990
[Cite as 1 AOA 303]

For Plaintiff-Appellee, N. Lindsey Smith, Esq., Jerome, Smith and Condeni, 1375 Euclid Ave., Suite 400, Cleveland, Ohio 44115.

For Defendant-Appellant, James A. Dunson, Jr., Esq., 21245 Lorain Road, Suite 200, Fairview Park, Ohio 44126.

PER CURIAM

In these consolidated appeals, Mary A. Papay challenges the judgment of the probate court which dismissed her application for appointment as guardian of her mother, Helen Medsker, and the judgment of the probate court which appointed Medsker's grandson, Daniel, as guardian. For the reasons set forth below, we reverse both judgments and remand the cause for further proceedings.

I.

On May 16, 1989, Daniel Medsker of Lakewood, Ohio, filed an application for appointment of guardian for his grandmother, Helen Medsker, alleging that she is incompetent by reason of advanced age, mental and physical disability, and inability to care for herself and her affairs. On the reverse of this application, Mrs. Medsker purportedly granted her consent to the appointment of a guardian and selected Daniel for this role. There were no witnesses to Mrs. Medsker's signature, however.

On June 6, 1989, Mrs. Medsker's daughter, Mary A. Papay, filed a second application with the probate court, requesting that she be appointed her mother's guardian. Papay attached a copy of a power of attorney dated March 17, 1986, in which Mrs. Medsker had given Papay power and authority over her affairs and which provided in relevant part as follows:

"This Power of Attorney shall not be affected by the disability of the Principal or lapse in time.

"In the event of proceedings hereafter instituted for the appointment of a guardian of the person, or person and estate, of the undersigned, the undersigned nominates Mary A. Papay to be named as guardian of the person, or person and estate, of the undersigned ***.
"***"

On June 13, 1989, the court received a physician's certificate which indicated that Mrs. Medsker could not conduct her business affairs without the aid of a guardian due to the progressive infirmities of age. This certificate further indicated that Mrs. Medsker is not mentally incapacitated, however.

Also on June 13, 1989, both applications were heard and submitted. Later, on June 19, 1989, the court dismissed Papay's application, stating:

"*** applicant is a resident of Canton, Michigan and not qualified to be guardian ***."

On this same date, the probate court granted Daniel Medsker's application, finding Mrs. Medsker to be incompetent by reason of physical disability.

Papay now appeals, assigning two errors.

II.

In her first assignment of error, Papay argues that the trial court committed prejudicial error in determining that she is not qualified to be guardian because she is a resident of Michigan. This claim is meritorious.

The residence qualifications of fiduciaries are set forth in R.C. 2109.21, which provides in pertinent part as follows:

"***
"(C)A guardian shall be a resident of the county, except that the court may appoint a nonresident of the county who is a resident of the state as guardian of the person, the estate, or both; that a nonresident of the county or of the state may be appointed a guardian, if named in a will be a parent of a minor or if selected by a minor over the

age of fourteen years as provided by section 2111.12 of the Revised Code; and *that a nonresident of the county or of the state may be appointed a guardian if nominated in or pursuant to a durable power of attorney as described in division (D) of section 1337.09 of the Revised Code* or a writing as described in division (A) of section 2111.121 of the Revised Code. ***

"***" (Emphasis added.) R.C. 1337.09 in turn provides in relevant part:

"(A) Whenever a principal designates another his attorney in fact by a power of attorney in writing and the writing contains the words 'This power of attorney shall not be affected by disability of the principal,' 'this power of attorney shall not be affected by disability of the principal or lapse of time,' or words of similar import, the authority of the attorney in fact is exercisable by him as provided in the written instrument notwithstanding the later disability, incapacity, or adjudged incompetency of the principal and, unless it states a time of termination, notwithstanding the lapse of time since the execution of the instrument.
"***

"(D) In a durable power of attorney as described in division (A) or (B) of this section, a principal may nominate the attorney in fact or any other person to be the guardian of his person, estate, or both. *The nomination is for consideration by a court if proceedings for the appointment of a guardian for the principal's person, estate, or both are commenced at a later time.* The principal may authorize in such a power of attorney the person nominated as guardian or the attorney in fact to nominate a successor guardian for consideration by a court." (Emphasis added.)

In this case, Papay was nominated as Mrs. Medsker's guardian in a power of attorney deemed unaffected by disability of the principal or lapse in time. Thus, the power of attorney is durable pursuant to R.C. 1337.09(A) and Papay is therefore eligible to serve as Mrs. Medsker's guardian even though she is not a resident of this state. R.C. 2109.21.[1] Accordingly, the trial court erred in dismissing Papay's application, and the first assignment of error is sustained.

### III.

Papay next contends that the trial court erred in appointing Daniel Medsker guardian. This claim is meritorious.

In evaluating applications for the appointment of a guardian, the probate court must engage in a two-part determination: (1) it must first determine that a guardian is required; and (2) it must also determine who shall be appointed guardian. See Carlin, Schwartz, et al., Merrick-Rippner Ohio Probate Law (4th Ed. 1989), 47-48, Section 127.02.

In cases such as this where the court determines that a guardianship is necessary due to physical incapacity, the court retains discretion as to whom it will appoint as guardian, but the court must select someone to whom the ward consents. *Id.* at 50, Section 127.04; R.C. 211.02. Such consent may be given by the ward in open court or may be exercised in a writing submitted to the probate court. See *In re Guardianship of Gallagher* (1981), 2 Ohio App. 3d 218, 220. To be effective as a nomination, such writing shall be signed by the person making the nomination in the presence of two witnesses, signed by the witnesses, contain an attestation of the witnesses that the person making the nomination signed in their presence, and must be acknowledged by the person making the nomination before a notary public. See R.C. 2111.121.

In this case, Daniel Medsker submitted to the court a writing which failed to meet the requirements of R.C. 2111.121. Moreover, examining the record as a whole, there is no indication that Mrs. Medsker consented to his appointment in any fashion. Conversely, pursuant to the March 1986 power of attorney nominating Mary Papay as guardian in the event that guardianship proceedings were initiated, the court was required to appoint Papay if it found her to be competent, suitable, and willing to accept the appointment, and if the March 1986 power of attorney is determined to be the most recently executed such document. R.C. 2111.121. At minimum, the probate court was required to consider Papay's nomination. R.C. 1337.09(D). Thus, the trial court erred in selecting Daniel Medsker as guardian and in failing to consider Papay for this position.

For the foregoing reasons, the challenged judgments are reversed and the cause is remanded for further proceedings consistent with this opinion.

This cause is reversed and remanded for further proceedings consistent with this opinion.

It is, therefore, considered that said

appellant recover of said appellee her costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

JOHN T. PATTON, CHIEF JUSTICE
DAVID T. MATIA, JUDGE
JOHN F. CORRIGAN, JUDGE

---

[1] Appellee, Daniel Medsker, asks that we not consider the power of torney because, he argues, it is not part of the record before this court. As the power of attorney was attached to Papay's application, and is within the record of proceedings below, this argument is without merit.