OPINION
Appellant, James Constable, brings this accelerated appeal from decisions of the Clermont County Court of Common Pleas, Probate Division, appointing Anita M. Bechmann as the guardian of Shawn D. Constable and approving an application filed by Bechmann for authority to extract Shawn's teeth.
Appellant and Linda Constable are the parents of Shawn, a twenty-four year old male who is mentally disabled and suffers from hydrocephalus. The Constables were divorced in December 1995 and, pursuant to the divorce decree, Mrs. Constable was named the residential parent of Shawn. On December 31, 1995, Mrs. Constable placed Shawn in a residential care program, Community Concepts, and Shawn began to attend a vocational program administered by the Clermont County Board of Mental Retardation and Developmental Disability ("MRDD").
On October 7, 1996, Mrs. Constable filed an application to be appointed Shawn's guardian pursuant to R.C. 2111.02. At a hearing held before a magistrate on October 21, 1996, appellant indicated that he also intended to file an application to be appointed Shawn's guardian. While the guardianship proceedings were pending, appellant and Mrs. Constable agreed that a temporary guardian should be appointed by the magistrate. The magistrate subsequently appointed Bechmann, an attorney, as Shawn's limited guardian with "power and authority to make decisions for the ward's benefit concerning his medical treatment, his educational and residential needs, his personal care and any other matters that may arise to meet the daily requirements of his care" while the guardianship proceedings were pending.
On December 17, 1996, an evidentiary hearing was held regarding the appointment of a guardian for Shawn. Although Mrs. Constable was the only person that filed a written application, the magistrate stated that he could appoint "any suitable person" and was not restricted to appointing Mrs. Constable as Shawn's guardian. Appellant and Mrs. Constable both proceeded to present evidence regarding their suitability to be appointed Shawn's guardian. At the conclusion of the hearing, the magistrate ordered appellant and Mrs. Constable to file written briefs in support of their positions, and these briefs were filed in February, 1997.
On April 30, 1997, Bechmann, as Shawn's limited guardian, filed an application for authority to extract Shawn's teeth. After conducting several hearings on the matter, the magistrate issued a decision on July 24, 1997 that granted Bechmann's application. On July 28, 1997, the magistrate issued another decision which found that neither of the Constables were suitable to be Shawn's guardian and appointed Bechmann as the guardian of Shawn's person and estate.
On August 7, 1997, appellant filed objections to the magistrate's decisions approving Bechmann's application for authority to extract Shawn's teeth and appointing Bechmann as Shawn's guardian. On September 25, 1997, appellant filed a motion to recuse the probate judge from ruling on his objections. On October 6, 1997, the probate judge held a hearing on appellant's objections and overruled appellant's motion to recuse. On October 13, 1997, the probate judge issued a decision that overruled appellant's objections and affirmed the decisions of the magistrate.
On appeal, appellant assigns three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT'S DECISION TO EXTRACT ALL OF THE TEETH OF SHAWN D. CONSTABLE IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 2:
 THE MAGISTRATE AND PROBATE COURT ERRED AND/OR ABUSED THEIR DISCRETION IN APPOINTING ANITA M. BECHMANN GUARDIAN OF THE PERSON AND ESTATE OF SHAWN D. CONSTABLE WITHOUT HEARING ON THE ISSUE.
Assignment of Error No. 3:
 THE PROBATE COURT ABUSED ITS DISCRETION IN FAILING TO RECUSE PRIOR TO HEARING ON OBJECTIONS TO THE MAGISTRATE'S DECISION.
In his first assignment of error, appellant asserts that the trial court's decision to extract all of Shawn's teeth was contrary to the manifest weight of the evidence. Initially, we note that the probate court and Bechmann have the jurisdiction and authority to make decisions concerning the treatment of Shawn's teeth. R.C. 2111.50(F) provides "when * * * issuing orders for, medical or surgical care or treatment of incompetents * * * subject to guardianship, the probate court has full parens patriae powers unless otherwise provided by a section of the Revised Code." In addition, R.C. 2111.02(B)(1) provides that "if the probate court finds it to be in the best interest of an incompetent * * *, it may appoint * * *, on its own motion or on application by an interested party, a limited guardian with specific limited powers." In the present case, the probate court appointed Bechmann as Shawn's limited guardian with "power and authority to make decisions for the ward's benefit concerning his medical treatment."[1]
Although the probate court and Bechmann have the authority and jurisdiction to make medical decisions concerning the treatment of Shawn's teeth, this power is not arbitrary. See In re Guardianship of Myers (1993), 62 Ohio Misc.2d 763. R.C.2111.50(C) provides that a guardian and the probate court must make medical decisions that are in the best interest of the ward.
Appellant argues that a thorough examination was not conducted in order to determine whether it was necessary and in Shawn's best interest to have all of his teeth removed. At the hearing on July 21, 1997, several written recommendations were submitted to the magistrate concerning the removal of Shawn's teeth. A dietician, Karen Dull, recommended that Shawn's teeth be extracted because he had trouble chewing and swallowing foods. In addition, Shawn's dentist, Dr. Paul T. Rodeghero recommended full extraction of Shawn's teeth "purely for convenience and to prevent the future pain we anticipate Shawn to have." Dr. Rodeghero also wrote that Shawn's teeth suffered from extensive decay and Shawn would have to be sedated to "perform any definitive work." A written recommendation was also submitted by another dentist, Dr. Daniel A. Keenan. The magistrate selected Dr. Keenan to examine Shawn's teeth after appellant requested another medical opinion. Based upon "a cursory examination," Dr. Keenan recommended that all of Shawn's teeth be extracted. Dr. Keenan further wrote that "the decision to remove all of Shawn's teeth is very practical and has nothing to do with convenience." Finally, correspondence from a third dentist, Dr. Dan Constable, was submitted to the magistrate. Dr. Constable volunteered to help save some of Shawn's teeth if he deemed it was possible after he had the opportunity to review x-rays.
In addition to the written recommendations, the magistrate heard the testimony of several witnesses from Community Concepts regarding the condition of Shawn's teeth. The witnesses presented conflicting opinions as to whether Shawn's teeth caused him pain, but all of the witnesses agreed that Shawn's teeth were in poor condition. The witnesses testified that Shawn's teeth were decayed, the gum area was black in some places, and parts of several teeth were missing.
Following the hearing, the magistrate issued the following order:
 With respect to Shawn Constable's need for dental treatment I find the evidence is clear and convincing based upon the reports of Paul T. Rodeghero DDS, Karen Dull, Dietician, and Daniel A. Keenan DDS that all of Shawn's teeth should be extracted.
 Anita Bechmann as guardian, is authorized to consent to this treatment by an oral surgeon in a hospital setting after the surgeon's examination and evaluation.
Appellant argues that the recommendations submitted to the magistrate are inadequate because they were made for "convenience," based upon a "cursory" examination, and x-rays were not taken. We agree with appellant that a more thorough examination is required in order to determine whether it is in Shawn's best interest to have all of his teeth removed. However, we believe that the magistrate has already provided for a more thorough examination by only authorizing Bechmann to consent to treatment "after the surgeon's examination and evaluation."
The record indicates that a thorough examination, including x-rays, of Shawn's teeth has not been performed because Shawn must be sedated in order to conduct such an examination. Due to the health risks involved when Shawn is sedated, Bechmann stated that it would be in Shawn's best interest for the oral surgeon to sedate him only once. While Shawn was sedated, Bechmann stated that the oral surgeon would conduct a thorough evaluation to determine which teeth needed to be extracted immediately prior to the surgery. Thus, Bechmann stated that she only sought the authority to consent to the removal of all of Shawn's teeth in case the oral surgeon found that it was necessary after taking x-rays and conducting his examination.
Although the magistrate's decision is somewhat ambiguous, we conclude that Bechmann has the authority to consent to the removal of all, or some, of Shawn's teeth based upon the recommendation that the oral surgeon renders after conducting a thorough examination. Thus, a thorough examination of Shawn's teeth will be conducted in order to determine which teeth it is necessary and in Shawn's best interest to remove. Accordingly, appellant's argument lacks merit and his first assignment of error is overruled.
In his second assignment of error, appellant asserts that the probate court appointed Bechmann as the guardian of Shawn's person and estate without "hearing or having evidence on the issue." R.C. 2111.02(A) provides that "when found necessary, the probate court on its own motion or on application by any interested party shall appoint, subject to division (C) of this section * * * a guardian of the person, the estate, or both, of a minor or incompetent * * *." R.C. 2111.02(C) provides that a hearing must be conducted prior to the appointment of a guardian. Based upon the evidence presented at the hearing, a probate court must engage in a two part determination: (1) it must first determine that a guardian is necessary; and (2) it must determine who shall be appointed guardian. In re Medsker (1990), 66 Ohio App.3d 219. "The probate court's primary responsibility in choosing who shall serve as guardian is to ensure that the person appointed will promote the best interests of the ward." In re Guardianship of Jaworski (June 26, 1997), Cuyahoga App. No. 71258, unreported, citing, In re Guardianship of Elliott (Sept. 16, 1991), Madison App. No. CA91-01-002, unreported.
A probate court has broad discretion in appointing guardians and a probate court's decision will not be reversed absent an abuse of discretion. In re the Estate of Bednarczuk (1992),80 Ohio App.3d 548, 551; In re Guardianship of Snider (Nov. 15, 1993), Warren App. No. CA92-11-101, unreported. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In the present case, appellant asserts that Bechmann was appointed guardian of Shawn's estate and person without a hearing or any evidence to support the appointment. Appellant correctly states that the magistrate's decision was issued on July 24, 1997, after a hearing regarding the removal of Shawn's teeth. However, a review of the record reveals that the magistrate conducted a full hearing on the appointment of a guardian for Shawn on December 17, 1996. At a hearing on June 4, 1997, the magistrate indicated that he had withheld a decision regarding the appointment of a guardian, because appellant has raised an issue regarding the jurisdiction of the probate court. However, the magistrate indicated that a decision would be forthcoming based upon the hearing conducted on December 17, 1996.
After reviewing the evidence presented at the guardianship hearing on December 17, 1996, we find that it was not an abuse of discretion to appoint Bechmann as the guardian of Shawn's estate and person. An investigation conducted pursuant to R.C. 2111.031
determined that a guardianship was necessary and this is not disputed by appellant. Further, although it is apparent that appellant cares for Shawn and is active in his life, the evidence indicates that appellant and Mrs. Constable have had many conflicts concerning Shawn's care and refuse to communicate with each other. After a long and bitter divorce that involved a custody battle over Shawn, appellant and Mrs. Constable continue to have disagreements concerning Shawn's medication, medical care, visitation, and his residence at Community Concepts. Moreover, the evidence indicates that appellant has had problems working with the agencies and personnel that provide care for Shawn including Community Concepts and MRDD. Due to these conflicts and a lack of communication between Shawn's parents, the probate court did not abuse its discretion by finding that it was in Shawn's best interest to have Bechmann, an independent attorney, appointed as his guardian. Accordingly, appellant's second assignment of error is overruled.
In his third assignment of error, appellant asserts that the probate judge erred by failing to recuse herself due to her alleged bias and prejudice against him. R.C. 2101.39 and R.C.2701.03 set forth the procedure by which a party may seek the disqualification of a probate judge by filing an affidavit of bias or prejudice with the Ohio Supreme Court. The Chief Justice or his designee has exclusive jurisdiction to hear a claim that a probate judge is biased or prejudiced. See Section 5(C), ArticleIV of the Ohio Constitution; R.C. 2101.39; R.C. 2701.03. "A court of appeals is without authority to pass upon the disqualification of a judge." State v. Blankenship (1996), 115 Ohio App.3d 512,516, citing, State v. Ramos (1993), 88 Ohio App.3d 394, 398. Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
WALSH, J., concurs.
KOEHLER, J., dissents.
[1] After filing her application for authority to extract teeth, Bechmann's limited guardianship was terminated, and she was appointed the guardian of Shawn's person and estate. R.C.2111.13(C) gives a guardian of the person the power to make medical decisions for a ward unless an interested party files objections with the probate court, or the court provides otherwise. Thus, Bechmann continues to have the authority to make medical decisions for Shawn.