OPINION
On October 20, 1999, Patricia Thompkins of Senior Rights and Advocacy ("Senior Rights"), a non-profit organization that provides services for the elderly, filed an application for appointment of a guardian for Annie Little Thomas ("Mrs. Thomas"), who was allegedly incompetent due to Alzheimer's disease. Mrs. Thomas' daughter, Dr. Georgia Parks, opposed this application and filed her application to be appointed guardian. On December 3, 1999, a hearing was held before a magistrate to determine the matter.
At the hearing, neither party contested whether Mrs. Thomas was incompetent, but only disputed who should be appointed guardian. Following the hearing, the magistrate recommended that the trial court appoint Patricia Thompkins of Senior Rights as guardian for a period of six months and that, at the end of the six months, the trial court should re-evaluate the situation. On December 13, 1999, the trial court adopted the magistrate's recommendation.
On December 21, 1999, appellant, Dr. Georgia Thomas Parks, filed a motion to vacate the appointment of the guardian and for leave to file objections to the magistrate's decision. On December 22, 1999, the trial court overruled appellant's motion to vacate, and converted her motion for leave to file objections to a motion objecting to the magistrate's decision. The trial court overruled appellant's objections, without holding a hearing.
Appellant appealed the trial court's decision to this court in In reGuardianship of Thomas, (May 11, 2001), 11th Dist. No. 2000-T-0001, 2001 WL 502387. Because the appointed guardian's six-month term had expired, we remanded the matter for the trial court to conduct a hearing to re-evaluate the suitability of appointing appellant as guardian.
On August 21, 2000, Patricia Thompkins filed a motion to withdraw as guardian and for the appointment of a substitute guardian. On August 30, 2000, the probate court granted the motion, and removed Patricia Thompkins as guardian and appointed appellee, Sharon K. Kilpatrick ("Kilpatrick"), as successor guardian of Mrs, Thomas.
On July 13, 2001, the trial court held a hearing to re-examine the suitability of appointing appellant as guardian of Mrs. Thomas. Both parties presented testimonial evidence to the court. Appellant presented the testimony of appellant's sister, Cynthia Thomas, and appellee presented her own testimony and the testimony of Douglas J. Neuman, ("Neuman"), Mrs. Thomas' former counsel.
At the close of testimony, the court took the matter under advisement. The court also inquired whether appellant was able to produce documents that had been requested by the guardian and which were necessary for the guardian to complete an accounting of Mrs. Thomas' assets. Appellant's counsel indicated that he did not have the documents, but that he would ask his client whether she could produce the documents in question. The court asked whether the parties could meet before the court again, on August 7, 2001. Both parties agreed to this date.
On July 30, 2001, appellant filed a motion for a continuance because her counsel was scheduled for a trial in another court on August 7. The next day, the court denied appellant's motion. Neither appellant nor her counsel appeared before the court, on August 7, 2001. On August 28, 2001, the court ordered appellant to provide the requested information and documents, and denied appellant's request to be appointed guardian of Mrs. Thomas.
 Appellant filed a timely appeal, raising the following assignments of error:
 "[1.] The trial court committed an abuse of discretion when it denied appellant's right to due process of law.
 "[2.] The trial court committed an abuse of discretion when it denied appellant's application for appointment of guardian."
In appellant's first assignment of error, she argues that the trial court abused its discretion by denying her motion for a continuance. Appellant claims that the court's denial of her motion was an abuse of discretion because it prevented her from introducing the documents that would have supported her application to be appointed guardian.
A court's decision granting or denying a requested continuance is within its sound discretion and will not be reversed absent an abuse of discretion. State v. Unger (1981), 67 Ohio St.2d 65, 67. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In Unger, supra, the Supreme Court of Ohio held that when evaluating a motion for a continuance, the trial court should consider:
 "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Unger, at 67-68.
After reviewing the record in this case, appellant's motion for a continuance appears to be for a legitimate reason, and there is no indication that appellant had previously asked for a continuance. The trial court, however, in its judgment entry denying appellant's motion for a continuance, relied on the fact that both parties' counsel had informed the court that they were available at that date and time. It appears from the record that the court's assignment clerk contacted both attorneys and arranged a time and date on which both attorneys agreed they could be present. The trial court did not abuse its discretion by denying appellant's motion for a continuance when her attorney had informed the court that he was available at the date and time the hearing was scheduled.
In her second assignment of error, appellant argues that the trial court abused its discretion by denying her motion to be appointed guardian without the information that was requested by the guardian.
When a court considers a motion for appointment of a guardian, it must make a two-part determination: "(1) it must first determine that a guardian is required; and (2) it must also determine who shall be appointed guardian." In re Guardianship of Friend (Dec. 16, 1993), 8th Dist. No. 64018, 1993 Ohio App. LEXIS 6025, at *5, citing In re Medsker
(1990), 66 Ohio App.3d 219. Probate courts have broad discretion when appointing guardians, and their decisions will not be reversed absent an abuse of discretion. In re Guardianship of Owen, 11th App. No. 2001-L-013, 2001 Ohio App. LEXIS 5856, at *3, 2001-Ohio-8824; citing Inre Estate of Bednarczuk (1992), 80 Ohio App.3d 548, 551.
Neither party to this appeal questions whether Mrs. Thomas requires a guardian. Appellant, however, claims that the trial court abused its discretion by overruling her motion without sufficient evidence of appellant's suitability to be guardian of Mrs. Thomas. We find that the trial court had sufficient evidence before it, after the July 23, 2001 hearing, to determine that appellant was not suitable to be a guardian and that Kilpatrick, the current guardian, should remain guardian.
Appellant did not appear at the July 23 hearing. Her counsel appeared on her behalf, however, and offered the testimony of appellant's sister, Cynthia Thomas. Appellee appeared and offered her own testimony as well as the testimony of Neuman, her former attorney.
At the hearing, Cynthia Thomas testified that appellant would be a suitable guardian for their mother and that she, appellant, and their brother were the beneficiaries of their mother's will. She also testified, under cross-examination, that, after a guardian had been appointed for Mrs. Thomas, appellant had donated Mrs. Thomas' car to charity, and that, prior to the first guardianship hearing, appellant had attempted to withdraw $117,000 in cash from Mrs. Thomas' bank account under a power of attorney.
Neuman testified that Mrs. Thomas had come to his office in April 1999, and expressed concerns that her money was missing. Neuman also testified that Mrs. Thomas was unhappy with the residential home she was living in, and when he called the home, he was told he could not see her. Neuman became concerned that Mrs. Thomas might have been exploited, and he referred the case to Adult Protective Services, a division of the Trumbull County Department of Job and Family Services, for investigation of suspected abuse, neglect or exploitation of Mrs. Thomas, a senior citizen.
Kilpatrick testified that she and Patricia Thompkins, Mrs. Thomas' prior guardian, had made several requests of appellant to provide Mrs. Thomas' tax returns and stock certificates, so an accounting could be made of Mrs. Thomas' assets. Kilpatrick testified that she never received Mrs. Thomas' 1997 or 1998 tax returns and certain stock certificates. Kilpatrick also testified that she was still looking for additional bank accounts, and that she had recently uncovered an additional bank account.
Based upon the evidence presented at the July 23 hearing, the trial court did not abuse its discretion by overruling appellant's motion to be appointed guardian. The court had ample evidence before it to conclude that appellant would not be a suitable guardian, and that Kilpatrick would be more suitable.
Appellant claims that, because she did not attend the scheduled August 7 hearing, she was not able to present the documents requested by Kilpatrick. The documents requested by Kilpatrick were tax returns and stock certificates. These documents, while required for the guardian to prepare a complete accounting of Mrs. Thomas' assets, are not evidence of appellant's suitability to be her guardian.
Furthermore, appellant had ample opportunity but failed to produce the requested documents. Appellant's attorney was instructed at the July 23 hearing to consult with his client and find out whether the documents were in her possession. A hearing was scheduled for August 7, which appellant did not attend. The order denying appellant's motion was not filed until August 28. Appellant could have, at any time before August 28, produced the documents, if she wished. The trial court did not abuse its discretion by denying appellant's motion to be appointed guardian.
Appellant's second assignment of error is without merit.
For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.
WILLIAM M. O'NEILL, P.J., JUDITH A. CHRISTLEY, J., concur.