[Cite as *In re Guardianship of Rosenberger*, 2018-Ohio-3533.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **OPINION ON RECONSIDERATION** |
| THE GUARDIANSHIP OF NORMA ROSENBERGER, | : | |
| AN INCOMPETENT ADULT | : | **CASE NO. 2017-L-120** |


Civil Appeal from the Lake County Court of Common Pleas, Probate Division, Case No. 2016 GU 0212.

Judgment: Affirmed.


*John Patrick Malone, Jr.* and *Andrew Roger Malone*, Malone Law, LLC, 614 West Superior Avenue, Suite 1150, Cleveland, OH 44113 (For Appellant-Intervenor, Northwest Trustee & Management Services, LLC).

*Patricia J. Schraff* and *John P. Thomas*, Schraff Thomas Law, LLC, 2802 S.O.M. Center Road, Suite 200, Willoughby Hills, OH 44094 (For Appellee, Norma Rosenberger).

*Glenn E. Forbes*, Forbes Law LLC, 166 Main Street, Painesville, OH 44077 (For Appellee, Susan Doudican).


ON RECONSIDERATION[1]

DIANE V. GRENDELL, J.

{¶1} Appellant, Northwest Trustee & Management Services, LLC, appeals the denial of its Motion to Intervene in the guardianship proceedings of Norma Rosenberger. The issues before this court are whether a party nominated as the

---

[1] The Original announcement of the decision, *In the Matter of: The Guardianship of Norma Rosenberger*, 11th Dist. Lake No. 2017-L-120, 2018-Ohio-2076, released May 29, 2018, is hereby vacated. This Opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 26(A)(1).

guardian for a prospective ward is entitled to intervene in the guardianship proceedings when the nomination has been imperfectly executed under Ohio law and whether a power of attorney is entitled to intervene when it did not receive notice of the hearing on an application to appoint a guardian for the principal. For the following reasons, we affirm the decision of the court below.

{¶2} On November 16, 2016, Susan Doudican filed an Application for Appointment of Guardian of Alleged Incompetent [R.C. 2111.03] on behalf of her half-sister, Norma Rosenberger, in the Lake County Probate Court.

{¶3} On December 16, 2016, a hearing was held on the Application before a probate court magistrate at which Rosenberger and Doudican gave testimony.

{¶4} On January 5, 2017, a Magistrate's Decision was issued finding, "by clear and convincing evidence that Norma Rosenberger is mentally impaired as a result of various mental and physical disabilities, and incapable of independently caring for her person and safeguarding her income and assets." The magistrate recommended Doudican "be appointed the guardian of the person and the estate of Norma Rosenberger for an indefinite period of time." The magistrate based her findings on the following testimony:

> Ms. Rosenberger is an 84-year old woman diagnosed with mixed dementia according to the Statement of Expert Evaluation completed on October 14, 2016 by Dr. Ami Hall and filed with the Application on November 16, 2016. Dr. Hall noted impairments in Ms. Rosenberger's orientation, thought process, memory, concentration and comprehension, and judgment. She found Ms. Rosenberger mentally impaired and recommended the guardianship be established. * * *
>
> Ms. Rosenberger moved to Mentor, Ohio from Spokane, Washington in August 2016. Ms. Rosenberger was living alone in Spokane prior to her move to Ohio, but Mrs. Doudican stated

2

during the hearing that she and Ms. Rosenberger visited with each other annually in person and maintained regular telephone contact. In approximately November 2015, Mrs. Doudican noticed Ms. Rosenberger was repeating herself during telephone conversation[s] and learned Ms. Rosenberger was getting lost while driving. On or about March 2016, Mrs. Doudican offered and Ms. Rosenberger agreed to move to Ohio to be closer to Mrs. Doudican and her family which consists of adult children and younger grandchildren. Mrs. Doudican began to make arrangements for Ms. Rosenberger's move to Ohio, finding her an apartment at Parker Place in Mentor, Ohio.

However, during the process of arranging further Ms. Rosenberger's move to Ohio, Mrs. Doudican learned that Ms. Rosenberger engaged Northwest Trustee and Management Service, a trust and financial arrangement company located in Spokane, sometime in April 2016. According to a letter written to Mrs. Doudican by Cam McGillivray who is a Trust Officer and In-house Counsel for Northwest, Ms. Rosenberger named Northwest as agent under a durable general power of attorney agreement she executed on May 16, 2016 replacing Mrs. Doudican as agent in a previously executed agreement. Northwest has charged Ms. Rosenberger nearly $40,000 in account maintenance fees since April 5, 2016, for approximately $1,100,000 under its management. Mrs. Doudican explained that Ms. Rosenberger's funds are actually invested with Ameriprise, and suspects Ameriprise is also taking investment fees/commissions for its services.

{¶5} On January 9, 2017, the probate court adopted the Magistrate's Decision and appointed Doudican guardian of Rosenberger's person and estate.

{¶6} On February 9, 2017, Northwest Trustee filed a Motion to Intervene on the following grounds: "the Ward herein, Norma Rosenberger, in her Financial Durable Power of Attorney executed on May 12, 2016, named Northwest Trustee as an Agent, and instructed that any court that received or acted upon a guardianship application was to deny such application so long as the Agent (Northwest Trustee) was acting under the Power of Attorney"; "Northwest Trustee is * * * an interested party, necessary for the adjudication of the rights of all persons with an interest in the property before the Court

3

in the instant Guardianship"; and "Northwest Trustee did not receive due process notice of the Guardianship application or the evidentiary Hearing, and was deprived of the opportunity to assert its property rights."

**{¶7}** On March 17, 2017, Doudican filed a Response to the Motion to Intervene.

**{¶8}** On August 29, 2017, the probate court denied Northwest Trustee's Motion to Intervene.

**{¶9}** On September 27, 2017, Northwest Trustee filed a Notice of Appeal. On appeal, it raises the following assignments of error:

**{¶10}** "[1.] The Probate Court erred when it denied the Motion to Intervene filed by Northwest Trustee, an Interested Party which was nominated as Fiduciary and Guardian in Norma Rosenberger's Durable Power of Attorney."

**{¶11}** "[2.] Whether the Probate Court erred in denying the Motion to Intervene when Northwest Trustee did not receive Due Process Notice of the Guardianship Application and Hearing, and was thus Denied an opportunity to submit to the Court's consideration the rights and obligations of the Principal-Agent relationship created by Ms. Rosenberger in her Durable Power of Attorney?"

**{¶12}** "Guardianship proceedings, including the removal of a guardian, are not adversarial but rather are in rem proceedings involving only the probate court and the ward." *In re Guardianship of Spangler*, 126 Ohio St.3d 339, 2010-Ohio-2471, 933 N.E.2d 1067, ¶ 53; *Shroyer v. Richmond*, 16 Ohio St. 455, 465 (1866) ("[p]roceedings for the appointment of guardians, are not *inter partes*, or adversary in their character," but, rather, "are properly proceedings *in rem*"). "At all times, the probate court is the superior guardian of wards who are subject to its jurisdiction, and all guardians who are

4

subject to the jurisdiction of the court shall obey all orders of the court that concern their wards or guardianships." R.C. 2111.50(A)(1). "Because the probate court is the superior guardian, the appointed guardian is simply an officer of the court subject to the court's control, direction, and supervision," and, "therefore, has no personal interest in his or her appointment or removal." *Spangler* at ¶ 53.

{¶13} The probate court's decisions in guardianship proceedings are generally reviewed under an abuse of discretion standard. *In re Estate of Luoma*, 11th Dist. Lake No. 2011-L-006, 2011-Ohio-4701, ¶ 20; *In re Guardianship of Bakhtiar*, 9th Dist. Lorain No. 16CA011029, 2017-Ohio-8617, ¶ 8. Concomitantly, "[t]he standard of review for a motion to intervene is abuse of discretion." *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas*, 147 Ohio St.3d 432, 2016-Ohio-1519, 67 N.E.3d 728, ¶ 21.

{¶14} In its first assignment of error, Northwest Trustee asserts the probate court erred by denying its Motion to Intervene. As grounds for intervention, Northwest Trustee argues that "the Durable Power of Attorney in fact ***nominated and appointed*** Northwest Trustee to serve as guardian in the event a court found a guardianship necessary," and, therefore, "[i]t was error for the Probate court to deny Northwest Trustee's Motion to Intervene as an interested party which had been nominated as guardian." Appellant's brief at 5.

{¶15} Northwest Trustee relies upon the Financial Durable Power of Attorney (referenced in the Magistrate's Decision) executed by Rosenberger on May 16, 2016, which provides in relevant part:

> It is Principal's intention by executing this Power of Attorney to provide for the administration of Principal's affairs without the necessity of court action or the appointment of a representative payee. Principal requests in the strongest possible terms that any

5

court or government agency that may receive or act upon a petition to appoint a guardian, conservator, or representative payee should deny such petition so long as Agent is acting under this Power of Attorney. If any court or government agency should deem it necessary to appoint a fiduciary (including a guardian, conservator, or representative payee) in spite of this request, then Principal nominates and appoints Agent to serve, and requests Agent be given priority for appointment.

{¶16} Relative to a prospective ward's capacity to nominate his or her guardian, the Revised Code provides:

(A) A person may nominate in a writing, as described in this division, another person to be the guardian of the nominator's person, estate, or both * * *, subject to notice and a hearing pursuant to section 2111.02 of the Revised Code. The nomination is for consideration by a court if proceedings for the appointment of a guardian of the person, the estate, or both, for the person making the nomination * * * are commenced at a later time. * * *

(B) A person's nomination, in a writing as described in division (A) of this section, of a guardian of the nominator's person, estate, or both * * * is revoked by the person's subsequent nomination, in a writing as described in division (A) of this section, of a guardian of the nominator's person, estate, or both * * *, and, except for good cause shown or disqualification, the court shall make its appointment in accordance with the person's most recent nomination. * * *

R.C. 2111.121; *also* R.C. 1337.28(A) ("[i]n a power of attorney, a principal may nominate a guardian of the principal's person, estate, or both * * * for consideration by a court if proceedings for the appointment of a guardian for the principal's person, estate, or both * * * are commenced at a later time"); R.C. 2111.10 ("[a]ny appointment of a corporation as guardian shall apply to the estate only and not to the person").

{¶17} In the present case, Rosenberger had nominated Northwest Trustee as her guardian in a validly executed Durable Power of Attorney. At the December 16, 2016 hearing on the Application for Guardianship, the magistrate conducting the

6

hearing was apprised of the existence of the Power of Attorney, although the document itself does not appear to have been entered into evidence nor were its substantive provisions considered. [2] It was attached to Northwest Trustee's Motion to Intervene as evidence of Rosenberger's intent that "any court considering an application for Guardian (of the estate) should deny the same, and appoint Northwest Trustee to continue to serve as her financial Agent."

{¶18} The law is clear that a probate court, while not bound by a party's nomination of a guardian, must at least consider the nomination. *In re Guardianship of MacHaney,* 9th Dist. Summit No. 22088, 2004-Ohio-5956, ¶ 15 ("the probate court abused its discretion in failing to dismiss the guardianship appointment of Joseph and in failing to consider Willie Mae's durable power of attorney in which she nominates Nathanial as her prospective guardian"); *In re Medsker*, 66 Ohio App.3d 219, 223, 583 N.E.2d 1091 ("the probate court was required to consider Papay's nomination" and "erred in selecting Daniel Medsker as guardian and in failing to consider Papay for this position").

{¶19} Rosenberger's nomination of Northwest Trustee as guardian, however, was not the basis on which it sought to intervene in the guardianship proceedings nor was such appointment requested. In its proposed objections to the guardianship, Northwest Trustee asserted that it "has no objection to Susan Doudican serving as the Guardian of the Person for Norma Rosenberger." Rather, it claimed that intervention

---

2. No awareness that Northwest Trustee had been nominated as guardian is evident from the record nor is it certain that a copy of the Durable Power of Attorney was given to the magistrate. Counsel for Rosenberger offered a copy to the magistrate which was declined: "I don't think so. If the judge, if he wants to see it for himself, I'll contact you, Mr. Forbes, and you can talk to your client, if you'd like to release it to the court. I don't think it's pertinent, I mean not directly relevant, but okay."

was "necessary because it is the only way for intervenor Northwest Trustee to assert its property rights which are based in statute and contract."

{¶20} Inasmuch as Northwest Trustee disclaimed any interest in asserting its nomination as Rosenberger's guardian, the nomination provision in the May 16, 2016 Power of Attorney did not require the probate court to grant the Motion to Intervene. As explained further below, Northwest Trustee's ability to participate in the guardianship proceedings was not dependent upon it being formally granted the right to intervene. Irrespective of the Motion to Intervene, Northwest Trustee continued as Rosenberger's financial power of attorney until August 29, 2017. In these circumstances, the probate court did not err by failing to consider Northwest Trustee's nomination as guardian.

{¶21} The first assignment of error is without merit.

{¶22} In the second assignment of error, Northwest Trustee claims it was entitled to intervene as "an interested party in any application for a guardianship for Norma Rosenberger" with "the right to perform specific acts on behalf of the principal, and to receive compensation." Appellant's brief at 9. By not receiving notice that guardianship proceedings had been instituted, Northwest Trustee's rights of due process were violated.

{¶23} Northwest Trustee's argument largely rests on its claim to be an "interested party" under R.C. 2111.02(A), providing that "[a]n interested party includes * * * a person nominated in a durable power of attorney under section 1337.24 of the Revised Code or in a writing as described in division (A) of section 2111.121 of the Revised Code." Northwest Trustee's status as Rosenberger's power of attorney at the time the Application for Appointment of Guardian was filed is not disputed. Northwest

8

Trustee continued to serve as power of attorney after Doudican's appointment as guardian in accord with R.C. 1337.24.

{¶24} Northwest Trustee's status as Rosenberger's power of attorney did not entitle it to notice of the hearing on the guardianship application under relevant statute, R.C. 2111.04(A)(2)(a)(i) and (b): "In the appointment of the guardian of an incompetent, notice shall be served * * * [u]pon the person for whom appointment is sought by personal service," and "[u]pon the next of kin of the person for whom appointment is sought who are known to reside in this state." *In re Guardianship of Baker*, 5th Dist. Fairfield No. 07CA00065, 2008-Ohio-5079, ¶ 38 ("R.C. 2111.04 in unambiguous terms requires service of notice of the hearing upon only (1) the proposed ward and (2) the next of kin determined by application of the statute of descent and distribution").[3]

{¶25} Given that Northwest Trustee was not entitled to notice and that its status as power of attorney survived the establishment of the guardianship, we find no abuse of discretion in the probate court's denial of its Motion to Intervene on the grounds that it did not receive notice.[4]

{¶26} We note that, as an interested party, Northwest Trustee was allowed to participate in guardianship proceedings even without formal intervention. For example, Northwest Trustee was statutorily authorized to motion the probate court to hold a hearing on the continued necessity of the guardianship. R.C. 2111.49(C). Even in the

---

3. We note that the Sixth District, in *In re Guardianship of Simmons*, 6th Dist. Wood No. WD-02-039, 2003-Ohio-5416, stated that "in order to comply with statutory requirements, the court must provide notice to the ward and any interested parties even when sua sponte appointing a guardian." *Id.* at ¶ 48. The import of this statement clearly contradicts the words of the statute, which the *Simmons* court quotes in the preceding paragraphs. One must either decline to follow *Simmons* on this point or else construe "any interested parties" to mean those parties statutory entitled to notice.

4. It was not until May 2, 2017, that counsel for Rosenberger moved the probate court to terminate Northwest Trustee's power of attorney. That Motion was served upon Northwest Trustee which duly opposed the same. The probate court terminated Northwest Trustee's power of attorney on August 29, 2017.

9

absence of express statutory authorization, "Ohio courts have recognized that an interested person may move for the removal of a guardian under [R.C. 2109.24]." *In re Guardianship of Constable*, 12th Dist. Clermont Nos. CA2006-08-058 and CA2006-09-067, 2007-Ohio-3346, ¶ 8. "In fact, review of Ohio case law reveals no instance in which a moving party was found to be uninterested for purposes of participating in a guardianship proceeding." *Id.* at ¶ 9; *Spangler*, 126 Ohio St.3d 339, 2010-Ohio-2471, 933 N.E.2d 1607, at ¶ 58 (even in the absence of "the express or implied power to file a motion to remove a guardian, * * * the plenary power of the probate court as the superior guardian allows it to investigate whether a guardian should be removed upon receipt of sufficient information that the guardian is not acting in the ward's best interest"). The docket of the present case confirms Northwest Trustees unhindered ability to engage in motion practice before the probate court.

{¶27} The second assignment of error is without merit.

{¶28} For the foregoing reasons, the Judgment Entry of the Lake County Probate Court, denying Northwest Trustee's Motion to Intervene, is affirmed. Costs to be taxed against the appellant.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

10