## In re Guardianship of Kelley.

[Cite as In re Guardianship of Kelley, 1 Ohio App. 2d 137.]

138

(No. 1548—Decided February 29, 1964.)

*Messrs. Petri & Hottenroth,* for appellant Mary Kathryn Ryan, guardian.

*Messrs. Scanlon, Berger & Garner,* for appellee Grace Thomas, next friend.

GUERNSEY, J.  This is an appeal on questions of law by Mary Kathryn Ryan from an order of the Probate Court of Crawford County terminating her guardianship of Veronica C. Kelley, an alleged incompetent, pursuant to a motion filed by Grace Thomas as the next friend of such ward, claiming that one "Marion Earnshaw, a cousin of Veronica C. Kelley, is a next of kin and is and was at the time of the appointment a resident of Crawford County, Ohio," "but was not given notice of the application for the appointment of a guardian."

Following hearing and consideration the Probate Court in its journal entry of judgment found "that said motion is well taken and thereby sustains the same" and ordered, adjudged

and decreed that the "guardianship of Veronica C. Kelley be vacated and held for naught," etc. The Probate Court made no specific finding as to whether Veronica C. Kelley was a next of kin of the alleged incompetent or as to whether she was known to reside in Crawford County. No bill of exceptions has been filed in this court reflecting the evidence adduced on the hearing of the motion.

The only assignments of error which the appellant has argued, and which we are thus required to consider, are as follows:

"1. The Probate Court erred in entertaining the motion of Grace Thomas as next friend.

"2. The Probate Court erred in holding that the appointment of guardian was void for failure to notify a cousin resident of the county."

The first assignment of error presents the question of whether the guardianship of an adult incompetent may be terminated under the provisions of Section 2111.47, Revised Code, pursuant to motion of a person claiming no relationship to the ward, or her estate, except as the next friend of the ward.

In pertinent part, Section 2111.47, Revised Code, reads as follows:

"Upon reasonable notice to the guardian, to the ward, and to the person on whose application the appointment was made, and upon satisfactory proof that the * * * letters of appointment were improperly issued, the Probate Court shall order that the guardianship of an incompetent terminate and shall make an appropriate entry upon the journal. * * *"

It will be observed that this section does not specify upon whose application such termination shall be had or, for that matter, that a formal application is necessary. However, assuming, without deciding, that an application is necessary and proper we should consider the pertinent provisions of several other sections of the Revised Code, namely:

Section 2101.32, Revised Code.

"* * * The sections of the Revised Code governing civil proceedings in the Court of Common Pleas shall govern like proceedings in the Probate Court when there is no provision on the subject in Chapters 2101. to 2131., inclusive, of the Revised Code.

"'* * *.'"

Section 2307.11, Revised Code.

"The action of an insane person must be brought by his guardian;* * *."

Section 2307.13, Revised Code.

"The defense of an insane person must be by his legally appointed guardian, except that if there is no guardian, or he has an adverse interest, by a trustee for the suit, appointed by the court. * * *."

In *Row* v. *Row*, 53 Ohio St., 249, the Supreme Court held that an imbecile cannot sue by next friend even if the guardian refuses to sue. However, that case was one in which the action purported to be for the benefit of the ward's estate and not against the guardian, and was not a proceeding such as the instant proceeding where the guardianship itself is sought to be terminated. In the case of *Robinson* v. *Wagner, Gdn.*, 95 Ohio St., 300, in finding that an imbecile ward might file his own application for termination of the guardianship on the ground that he has been restored to reason, or that the letters of guardianship have been improperly issued, Judge Newman said at page 303 of 95 Ohio St., in his opinion concurred in by the other members of the court, that Section 11247, General Code (now Section 2307.11, Revised Code, *supra*), "provides that the action of an insane person must be brought by his guardian, and its provisions clearly cannot apply to a proceeding under Section 11010 [now Section 2111.47, Revised Code, *supra*] for termination of the guardianship, where the guardian himself is an adverse party; nor does Section 11249 [now Section 2307.13, Revised Code, *supra*], providing that the defense of an insane person must be made by his legally appointed guardian, etc., relate to the proceeding in question here, where the imbecile ward is not making a defense but is asking affirmative relief."

There is therefore no statutory provision prescribing who shall initiate the proceedings for the termination of a guardianship contemplated by Section 2111.47, Revised Code, and the rules obtainable at common law may be applied. Referring to 44 Corpus Juris Secundum, 132, Insane Persons, Section 47, we find that:

"Except as the matter may be otherwise regulated by stat-

ute, application for removal of a guardian or committee may be made by a relative or next friend of the incompetent. * * *''

It is therefore our opinion that the next friend of an incompetent adult is a proper person to initiate the proceedings contemplated by Section 2111.47, Revised Code, for the termination of the guardianship of such ward on the ground that the letters of appointment were improperly issued, and that the aupellant's first assignment of error is without merit.

As to the second assignment of error, the appellant contends, in effect, that the failure to notify a next of kin resident of the county of a proceeding for the appointment of a guardian does not make the appointment void, or even voidable, that there is no necessity under Section 2111.04, Revised Code, that an exhaustive search be made for all next of kin resident of the county, and that the Probate Court could not render the judgment it did terminating the guardianship without specifically finding that Marion Earnshaw was a next of kin of the ward known to reside in Crawford County.

Although it has been said that the jurisdiction of the Probate Court in the appointment of guardians has been broadly given by Section 8, Article IV of the Ohio Constitution, that such jurisdiction is plenary, and that it may well be doubted whether the Legislature, if it chose to do so, could in any respect limit it (*Union Savings Bank & Trust Co.* v. *Western Union Telegraph Co.*, 79 Ohio St., 89, 128 Am. St., 675), nevertheless the General Assembly has power to define the jurisdiction and powers of the Probate Court consistent with but not in limitation of its constitutional jurisdiction, and the procedure of the court in the exercise of its jurisdiction may be prescribed by statute. *In re Estate of Shafer*, 77 Ohio App., 105; and *In re Estate of Miller*, 95 Ohio App., 457, affirmed in 160 Ohio St., 529.

As a part of the procedure respecting the appointment of guardians, the Legislature has prescribed by pertinent provisions of Section 2111.04, Revised Code, in its form effective at the time of the subject proceedings for appointment, that:

''No guardian of the person, the estate, or both shall be appointed until at least three days after the Probate Court has caused written notice, setting forth the time and place of the hearing, to be served upon the following persons:

"'* * *.

"(B) In the appointment of the guardian of an incompetent, habitual drunkard, idiot, imbecile, lunatic, or confined person notice shall be served:

"'* * *.

"(2) Upon the next of kin of such person for whom appointment is sought known to reside in the county in which application is made.

"'* * * *.''

The service of the notice prescribed by this statute thus was a condition precedent to the appointment of a guardian, and letters of appointment issued without such notice would be "improperly issued," the proof of which would be grounds under Section 2111.47, Revised Code, for the termination of the guardianship.

The phrase, "known to reside in the county," has reference to the knowledge had by those whose duty it is to give the notice in the first place, that is, either the person applying for appointment as guardian or the court. See, for example, *In re Estate of Hammer,* 99 Ohio App., 1.

Section 2111.03, Revised Code, in its form existing at the time of the application herein, prescribed that the application "verified by affidavit" contain a statement of the "Name, degree of kinship, age, and address of next of kin," of the ward. This, of course, contemplates a revelation, under oath, of the names of *all* next of kin, whoever they might be, and wherever they might be located, but Section 2111.04, Revised Code, contemplates service of notice upon only such next of kin *known* to reside in the county. Construing these sections together, it would appear that the quest by the applicant for knowledge of such residence must be at least of such degree but need be of no greater degree than that necessary to justify the applicant in making the statement *verified by affidavit* in the application.

In the appointment and removal of guardians, and the termination of guardianships, a Probate Court is in the exercise of its constitutional jurisdiction, and in the exercise of the jurisdiction of a court of general jurisdiction. In such exercise the judgment of the court in and of itself presumes that all facts necessary in order for the court to render such judgment existed and were duly found, and that every step necessary has

been taken to give it jurisdiction to render the judgment. Such presumption may be rebutted and overcome only by recitals in the record affirmatively showing lack of jurisdiction. *State, ex rel. Parsons,* v. *Bushong, Supt.,* 92 Ohio App., 101. See, also, 21 Corpus Juris Secundum, 149 *et seq.,* Courts, Section 96.

This being the case, we must presume, in the absence of a bill of exceptions and in the absence of anything in the record affirmatively showing lack of jurisdiction, that the Probate Court of Crawford County in rendering its judgment terminating the guardianship found all facts necessary in order for it to do so, including the facts that Marion Earnshaw was a next of kin of Veronica C. Kelley known by Mary Kathryn Ryan, or the court, to reside in Crawford County, and that notice of the guardianship proceedings was not served upon Marion Earnshaw. In the face of this presumption, there being nothing in our record to overcome it, it is our opinion that the appellant's second assignment of error is also without merit.

There being no error prejudicial to the appellant in any of the particulars assigned and argued, the judgment of the Probate Court of Crawford County is affirmed.

*Judgment affirmed.*

Middleton, P. J., and Younger, J., concur.