## In re Guardianship of Stiver
*[Cite as 5 AOA 366]*

*Case No. CA89-12-017*
*Preble County, (12th)*
*Decided July 9, 1990*

*Stephen R. Bruns, 127 West Main Street, Eaton, Ohio 45320, for appellant, Harry T. Stiver, Ward.*

*Wilfrid G. Dues, Suite 205, 101 North Barron Street, Eaton, Ohio 45320, for appellee, Wesley I. Stiver, Guardian.*

*Per Curiam.*

This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers from the Preble County Court of Common Pleas, Probate Division, transcript of proceedings, and the briefs of counsel, oral argument having been waived.

Now, therefore, the assignments of error having been fully considered are passed upon in conformity with App. R. 12(A) as follows:

This is an appeal by Harry T. Stiver, from a decision of the Preble County Court of Common Pleas, Probate Division, denying his motion to terminate the guardianship of his person and estate. On November 29, 1988, appellant's son, Richard Stiver, filed an application for appointment of a guardian for appellant. Appellant was personally served with notice of the application and the hearing date

that same day. On December 2, 1988, a hearing was held on the application at which neither appellant nor his counsel were present. The trial court found that appellant was incompetent by reason of "advanced age and mental disability" and appointed his son, Wesley I. Stiver, as his guardian.

On September 11, 1989, appellant filed a motion to terminate the guardianship alleging that the disability which required the guardianship had been removed or, in the alternative, that the letters of guardianship were improperly issued. A hearing was held on October 23, 1989. In an opinion issued November 2, 1989, the trial court determined that appellant was still incompetent and denied his motion to terminate the guardianship. This appeal followed.

Appellant presents three assignments of error for review as follows:

*Assignment of Error No. 1*

"The decision of the trial court denying the ward/appellant's motion to terminate the guardianship was in error for the reason that such decision was contrary to the manifest weight of the evidence."

*Assignment of Error No. 2*

"The trial court erred in allowing the introduction of evidence regarding appellant's physical condition."

*Assignment of Error No. 3*

"The trial court erred in overruling appellant's motion to terminate the guardianship on the ground that the guardianship was improperly established."

In his first assignment of error, appellant alleges that the trial court's decision overruling his motion to terminate the guardianship was against the manifest weight of the evidence. He contends that he presented sufficient evidence to show that the necessity for the guardianship no longer exists. We find this assignment of error is not well-taken.

R.C. 2111.47 provides that "[u]pon satisfactory proof that the necessity for guardianship no longer exists or that the letters of appointment were improperly issued, the probate court shall order that the guardianship of an incompetent terminate ***." The ward has the burden of establishing that there is no further need for the guardianship. *In re Guardianship of Escola* (1987), 41 Ohio App. 3d 42, 44. However, once the ward has presented satisfactory proof that the necessity for guardianship no longer exists, the court is under a mandatory duty to terminate the guardianship. *In re Breece* (1962), 173 Ohio St. 542, paragraph two of the syllabus.

"Judgments supported by some competent, credible evidence going to all essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C. E. *Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St. 2d 279; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St. 3d 77.

R.C. 2111.01 defines an "incompetent" as "any person who by reason of advanced age, improvidence, or mental or physical disability, chronic alcoholism, mental retardation, or mental illness is incapable of taking proper care of himself or his property or fails to provide for his family or any persons for whom he is charged by law to provide ***." In his opinion, the trial judge concluded that appellant was incapable of taking care of himself based upon various factual findings. He found that appellant does not comprehend financial information and thus concludes that others are trying to deceive him; that if appellant were living independently, he would not take his medicines which are essential to his health; that he would not adequately care for his personal needs; and that his character is such that he would not accept outside services to fulfill his personal needs. He stated that appellant is "fully convinced of his own competency, and in the event he fails to comprehend a given factual pattern, or fails to adequately deal with a given situation, directs the blame for that to others."

The court further indicated that "Mr. Stiver's aggressive personality is also part of the factual situation that this case presents. He has struck several persons with his cane, and threatened to do so many more times. He has also threatened death or serious bodily harm, stating that if he had a gun he would take care of those who are denying him his freedom." Essentially, the trial judge concluded that appellant's inability to comprehend certain situations and his inability to accept his limitations or the help of others make him incapable of living independently. There was competent credible evidence in the record to support the trial judge's conclusion.

Appellant is essentially arguing that his witnesses were more credible. However, matters as to the credibility of the witnesses are for the trier of fact to decide. *Seasons Coal Co.,*

*supra*, at 80. Accordingly, appellant's first assignment of error is overruled.

In his third assignment of error, appellant alleges that the guardianship was not properly established because there was not sufficient evidence presented at the original hearing on the application for guardianship to establish that he was not mentally competent. Therefore, the letters of appointment were improperly issued. We find that this assignment of error is not well-taken.

The degree of proof required for the establishment of a guardianship is clear and convincing evidence. *In re Corless* (1981), 2 Ohio App. 3d 92, 96.[1] However, we cannot determine whether this burden of proof was met at the original hearing as appellant has not provided us with a transcript of that hearing. Without a transcript, we must presume the regularity of the proceedings and the validity of the judgment of the trial court. *Columbus v. Hodge* (1987), 37 Ohio App. 3d 68, 68-69; *In re Guardianship of Kelly* (1964), 1 Ohio App. 2d 137, 142-43.

The record contains no evidence to rebut the presumption of regularity. It indicates that appellant was personally served with notice of the application for guardianship and the hearing date pursuant to R.C. 2111.04. Therefore, the probate court had jurisdiction to appoint a guardian. *Corless, supra*, at 93. We are somewhat concerned that appellant was not present at the hearing and was not represented by counsel. In *Corless*, we stated that "[i]f the person who is the subject of the guardianship application is physically unable to be present at the hearing, the appointment should be delayed until the court has had the opportunity to observe that person." *Id.* at 96. See also, *In re Guardianship of Gallagher* (1981), 2 Ohio App. 3d 218, 222. Nevertheless, without a transcript, we cannot tell why appellant was not present at the hearing. We also cannot tell if the trial court had some opportunity to observe appellant or at least to read a medical report based on the results of a medical examination conducted by an independent source appointed by the court. See *Corless, supra*, at 96. In the absence of relative evidence to the contrary, we are bound by the presumption of regularity. *Hodge, supra*, at 68-69. However, we emphasize to the trial court, as we did in *Corless*, that the imposition of an involuntary guardianship should be treated as an extremely serious matter. See

also, *In re Guardianship of Schumacher* (1987), 38 Ohio App. 3d 37, 39-40. Consequently, the alleged incompetent should be present at the hearing whenever possible. Nevertheless, appellant's third assignment of error is overruled.

In his second assignment of error, appellant states that the trial court erred in admitting evidence of appellant's physical condition. He contends that only his mental condition was an issue. R.C. 2111.02 requires the consent of the alleged incompetent before a guardianship may be established on the grounds of physical disability. The actual question before the trial court was whether it was proper to continue the guardianship without appellant's consent. Thus, the focus was on his mental condition and evidence relating to his physical condition was irrelevant and prejudicial. We find this assignment of error is not well-taken.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid. R. 401. Evidence is relevant "when it tends as a matter of common experience and logic to prove a matter of consequence." Staff Note to Evid. R. 401. The trial court enjoys broad discretion in admitting and excluding evidence. *State v. Sage* (1987), 31 Ohio St. 3d 173, 182. An appellate court will not disturb the decision of the trial court admitting or excluding evidence absent a showing of abuse of discretion and material prejudice. *State v. Martin* (1985), 19 Ohio St. 3d 122, 129, certiorari denied (1986), 474 U.S. 1073, 106 S.Ct. 837.

The trial judge admitted evidence of appellant's physical condition, including his heart problems, lung problems and failing eyesight into evidence over appellant's objection, saying that he wanted to get a "complete picture" of appellant. Evidence of appellant's physical condition was relevant to the issue of whether the necessity for the guardianship still existed. As a matter of common experience, a person's physical condition directly relates to that person's mental condition, especially in cases of advanced age. Evidence of appellant's physical condition was also directly related to his ability to care for himself, considering his special medical needs, and whether his mental condition prevented him from meeting those needs. The focus in a

guardianship proceeding is to determine what is in the best interests of the ward. Certainly the trial judge's decision to give himself a "complete picture" of appellant met that end,[2] although the ultimate issue was appellant's mental condition. We do not find the trial court's decision to admit evidence regarding appellant's physical condition to be so unreasonable, arbitrary or unconscionable as to connote an abuse of discretion. Accordingly, appellant's second assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Preble County Court of Common Pleas, Probate Division, for execution upon this judgment.

Costs to be taxed in compliance with App. R. 24.

And the court being of the opinion that there were reasonable grounds for this appeal, allows no penalty.

It is further ordered that a certified copy of this Memorandum Decision and Judgment Entry shall constitute the mandate pursuant to App. R. 27.

To all of which the appellant, by his counsel, excepts.

JONES, P.J., HENDRICKSON and YOUNG, J.J., concur.

---

[1] R.C. 2111.02(C)(3) as effective January 1, 1990 provides that

"[t]he burden of proving incompetency shall be by clear and convincing evidence[.]"

[2] The complete picture also included evidence of the mental incompetence of appellant's wife, evidence that appellant's wife needs professional care, preferably in a nursing home, and that being with such a person on a daily basis may cause occasional irrational acts on the part of appellant. Nevertheless, the evidence indicated that a separation would be stressful and may cause difficulties for appellant. Thus, even if appellant were found to be competent, he may be unable to control his destiny.