OPINION *Page 2 
{¶ 1} This appeal involves the question of who is next of kin of a proposed ward and therefore entitled to be served with notice of hearing on the application of guardianship pursuant to R.C. 2111.04(A)(2)(b).
 STATEMENT OF FACTS AND CASE {¶ 2} Appellant Norman R. Baker, an elderly resident of Fairfield County, challenges the jurisdiction of the Fairfield County Probate Court to appoint Appellee Jeffrey Feyko, a private attorney, as guardian of his estate and person. The record reflects the following events.
 {¶ 3} On January 19, 2005, Feyko filed an application for appointment of guardian over the person and estate of Appellant. The grounds for the application stated Appellant was incompetent by reason of delirium, dementia and renal insufficiency. The same day, the probate court granted a temporary guardianship during the pendency of the application and set the matter for hearing on February 11, 2005.
 {¶ 4} Feyko listed Appellant's two daughters, Erica Baker Allen and Christina Baker, and his brother, Robert Baker, as next of kin to receive notice of hearing on Probate Forms 15.0 and 17.4. A hearing notice was served on Ericka Baker Allen, who lives in Sarasota, Florida, by certified mail on February 1, 2005. Appellant was personally served with notice on February 4, 2005. Christina Baker, whose whereabouts were listed as unknown, was not served. Robert Baker, a resident of Celina, Ohio, also was not served. The record reflects the names of Christina Baker *Page 3 
and Robert Baker were "crossed-out" and later "whited-out" on the form submitted by Feyko.[1]
 {¶ 5} On February 7, 2005, a court investigator filed a report pursuant to R.C. 2111.04 recommending that Appellant "should be revaluated and a less restricted alternative could be used." Accordingly, Feyko filed a Motion for Psychological Evaluation of Proposed Ward on February 10, 2005 requesting a psychological evaluation to determine whether the Appellant was in need of a guardianship. The probate court granted the motion the same day.
 {¶ 6} There is no indication in the record that a hearing was held on February 11, 2005 or that a continuance of the hearing was sought or granted. However, since Appellant does not raise this issue herein, we assume for this appeal a hearing was held on February 11, 2005.
 {¶ 7} On March 22, 2005, Appellant was evaluated by Bradley Hedges, Ph.D. Dr. Hedges' psychological report was filed on March 30, 2005. Appellant was diagnosed with unspecified dementia. Dr. Hedges opined Appellant could benefit from a guardian for at least one year due to the unknown etiology of the dementia.
 {¶ 8} By entry dated April 18, 2005, the probate court appointed Feyko as guardian and issued letters of guardianship to Feyko. In its entry, the court found, "* * * that all persons who were entitled to notice of the hearing thereon were given * * *." No direct appeal was taken by Appellant challenging the appointment of a guardian, or the necessity of the guardianship. *Page 4 
 {¶ 9} Appellant made a request for a review hearing on April 13, 2006. On November 1, 2006, the probate court found the continuation of the guardianship was necessary and in the best interest of Appellant. In May 2007, Appellant requested an independent evaluation by Louis Hoyer, Ph.D.
 {¶ 10} Dr. Hoyer examined Appellant in June 2007 and found he was restored to competency and opined the guardianship should be terminated. Appellant, through counsel, filed a Motion to Terminate the Guardianship on July 2, 2007.
 {¶ 11} On August 8, 2007, the trial court ordered an independent psychological evaluation by Mid-Ohio Psychological Services, Inc. On September 17, 2007, Dr. Hedges again evaluated Appellant and found ongoing symptoms of dementia. He recommended the continued assistance of a guardian.
 {¶ 12} On September 24, 2007, Appellant, through counsel, filed a Motion to Vacate Guardianship, alleging that the guardianship was voidab initio as a result of the probate court's failure to serve notice of the February 11, 2005 hearing upon Robert Baker and Christina Baker. Feyko opposed the motion arguing Appellant had no family entitled to notice as neither of his daughters were known to reside within this state, and his brother, who did reside in Ohio, does not qualify as next of kin under R.C. 2111.04(A)(2)(b).
 {¶ 13} By entry dated November 9, 2007, the court denied the Motion to Vacate Guardianship, finding that Appellant's brother Robert Baker was not his next of kin and Christina Baker's whereabouts were unknown; therefore, neither was entitled to notice of the hearing pursuant to R.C. 2111.04(A)(2)(b). *Page 5 
 {¶ 14} This appeal ensued and Appellant raises three Assignments of Error.[2]
 {¶ 15} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO VACATE GUARDIANSHIP BY FINDING THAT APPELLANT'S BROTHER WAS NOT HIS `NEXT OF KIN' AND THUS NOT REQUIRED TO BE SERVED WITH NOTICE OF THE DATE AND TIME OF THE HEARING TO CONSIDER THE APPLICATION TO ESTABLISH A GUARDIANSHIP PURSUANT TO § 2111.04, O.R.C.
 {¶ 16} "II. THE DEFINITION OF `NEXT OF KIN' ADOPTED BY THE TRIAL COURT, RESULTING IN APPELLANT'S BROTHER NOT BEING SERVED WITH NOTICE OF THE HEARING TO CONSIDER THE APPLICATION TO ESTABLISH A GUARDIANSHIP, VIOLATED APPELLANT'S RIGHT TO DUE PROCESS.
 {¶ 17} "III. THE TRIAL COURT ERRED IN PERMITTING ITS DEPUTY CLERK TO SUA SPONTE STRIKE APPELLEE'S DESIGNATION OF APPELLANT'S BROTHER AS PERSON TO BE SERVED WITH NOTICE OF HE (SIC) HEARING TO CONSIDER THE APPLICATION TO ESTABLISH A GUARDIANSHIP.
 I. {¶ 18} In his first assignment of error, Appellant argues the trial court incorrectly determined his brother was not his next of kin under R.C. 2111.04(A)(2)(b).
 {¶ 19} We begin our analysis with the jurisdiction of the probate court in guardianship proceedings.
 {¶ 20} In Shroyer v. Richmond, [3] the Ohio Supreme Court wrote, "Proceedings for the appointment of guardians, are not interpartes, or adversary in their character. They *Page 6 
are properly proceedings in rem; they are instituted, ordinarily by application made on behalf of the ward, and for his benefit; and the order of appointment binds all the world. In such a proceeding, plenary and exclusive jurisdiction of the subject-matter, has been conferred by statute on the probate court, and that jurisdiction attaches, whenever application is duly made to the court for its exercise in a given case. * * * And when jurisdiction has attached, the court has full power to hear and determine all questions which arise in the case, whether in regard to the status of the ward or otherwise; and no irregularity in the proceedings, or mistake of law in the decision of the questions arising in the case, will render the order of appointment void, or subject it to impeachment collaterally. All questions necessarily arising the case, become res adjudicatae, by the final order of appointment, which binds all the world, until set aside or reversed by a direct proceeding for that purpose."
 {¶ 21} R.C. 2111.02(A) states that, when found necessary, the probate court on its own motion or on application by any interested party shall appoint a guardian to have the care and management of the person, the estate, or both of an incompetent.
 {¶ 22} R.C. 2111.03 requires that a person applying for appointment as a guardian shall file with the probate court an application that contains specific information about the alleged incompetent, including the "[n]ame, degree of kinship, age and address of the next of kin of the alleged incompetent."[4] *Page 7 
 {¶ 23} R.C. 2111.04, the notice statute, provides that:
 {¶ 24} "(A) * * * no guardian of the person, estate, or both, shall be appointed until at least seven days after the probate court has caused written notice, setting forth the time and place of the hearing, to be served as follows:
 {¶ 25} "* * *
 {¶ 26} "(2) In the appointment of the guardian of an incompetent, the notice shall be served:
 {¶ 27} "(a)(i) Upon the person from whom appointment is sought, by a probate court investigator * * *. The notice shall be boldface type and shall inform the alleged incompetent, in boldface type, of his rights to be present at the hearing, to contest any application for the appointment of a guardian for his person, estate, or both, and to be represented by an attorney * * *.
 {¶ 28} "(ii) * * *
 {¶ 29} "(b) Upon the next of kin of the person for whom appointment is sought who are known to reside in this state."
 {¶ 30} R.C. 2111.01(E) states, "`[n]ext of kin' means any person who would be entitled to inherit from a ward under Chapter 2105 of the Revised Code if the ward dies intestate."
 {¶ 31} Based on this directive, we look to the R.C. 2105.06, the statute of descent and distribution, to determine a proposed ward's next of kin. This statute states, in pertinent part:
 {¶ 32} "When a person dies intestate having title or right to any personal property, or to any real estate or inheritance, in this state, the personal property shall be *Page 8 
distributed . . . in the following course: (A) if there is no surviving spouse, to the children of the intestate or their lineal descendents, per stripes; * * * (G) If there is no spouse, no children or their lineal descendents, and no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of the intestate, or their lineal descendants, per stirpes * * *."
 {¶ 33} We further note that R.C. 2111.47 provides for the termination of a guardianship upon satisfactory proof that the necessity for the guardianship no longer exists or that the letters of appointment were "improperly issued." Courts have ruled that an order of appointment may be attacked collaterally by moving that the appointment be set aside because the parties were not given proper notice.[5] The termination of the guardianship of an incompetent person restores both the ward's competency and full control of the ward's property to the ward as before the appointment.[6]
 {¶ 34} It is Appellant's position that "next of kin" as applied to who must be served notice pursuant to R.C. 2111.04(A)(2)(b), must include all members of that class who are listed in R.C. 2105.06 (spouses, parents, children, siblings, etc.) and who live in the state of Ohio. Feyko urges, and the trial court agreed, that "next of kin" to be served with notice should be interpreted to be (1) the ward's relative that would inherit from the ward if the ward were to die intestate at the time of hearing and (2) lives in the state of Ohio. *Page 9 
 {¶ 35} Feyko contends that since Appellant was unmarried and had two daughters who would be the only heirs of Appellant if he were to die intestate at the time of hearing, the daughters are the next of kin entitled to notice of the hearing but only if they reside in Ohio. Since neither daughter was known to live in Ohio, Feyko submits that no one was entitled to notice, including Appellant's brother.
 {¶ 36} Our decision on this matter involves the interpretation of the above-mentioned statutes. Our standard of review then is denovo.[7]
 {¶ 37} The first rule of statutory construction is to look at the statute's language to determine its meaning. If the statute conveys a clear, unequivocal, and definite meaning, interpretation comes to an end, and the statute must be applied according to its terms.[8]
 {¶ 38} Upon careful review, we agree with the probate court's interpretation and hold R.C. 2111.04 in unambiguous terms requires service of notice of the hearing upon only (1) the proposed ward and (2) the next of kin determined by application of the statute of descent and distribution.[9] Applying this to the circumstances of the present case, we find Appellant had no next of kin who would be entitled to notice because his daughters, as those who may ultimately receive his property under R.C. 2105.06, were not known to reside in Ohio. *Page 10 
 {¶ 39} While we may agree with the Appellant's argument that the practical effect of our reading of the statute may result in the absence of knowledgeable, interested persons at the hearing to present evidence regarding the suitability of the proposed guardian or the best interest of the ward, we find the issue of notice best left to the legislature to determine.
 {¶ 40} Since the notice requirements of the statute were not violated, we find Appellant's arguments set forth in the first assignment of error lack merit.
 {¶ 41} Accordingly, we overrule the first assignment of error.
 II. {¶ 42} In his second assignment of error, Appellant argues that the probate court's interpretation of R.C. 2111.04(A)(2)(b) violates Appellant's due process and privacy rights under the U.S. and Ohio Constitutions.
 {¶ 43} It is apparent from the record that the question of constitutionality was not presented, considered or decided at the trial court level. Consequently, we will not consider the alleged constitutional violations here. "It is well established that an appellant may not raise such constitutional issues for the first time on appeal."[10]
 {¶ 44} Therefore, we overrule the second assignment of error.
 III. {¶ 45} Lastly, Appellant contends the probate court was obligated to comply with Feyko's request and serve the notice to the individuals whose names and addresses were listed on Forms 15.0 and 17.4. *Page 11 
 {¶ 46} We observe that R.C. 2111.04(A) places a duty upon the probate court to cause written notice of the hearing to the proposed ward and next of kin. As we found above, the record demonstrates the probate court properly determined Appellant's next of kin under R.C. 2111.04(A)(2)(b) to be his daughters, which were listed by Feyko on both forms.
 {¶ 47} The record further demonstrates notice had been given in the appropriate manner to the only person entitled by law to notice — Appellant. We note the probate court exceeded its obligation by also serving Appellant's out-of-state daughter, Erica Baker Allen.
 {¶ 48} While we disagree with the manner the probate court altered the forms, we find the probate court properly fulfilled its statutory duty under R.C. 2111.04(A) by service of notice upon Appellant that the court was going to hold a hearing on whether a guardian should be appointed.[11] The names of other possible relatives, such as Appellant's brother, are additional information; however, they were not required to receive notice of the hearing under the applicable statutes.
 {¶ 49} Accordingly, we overrule the third assignment of error. *Page 12 
 {¶ 50} For the foregoing reasons, the judgment of the Fairfield County Probate Court is affirmed.
Delaney, J., Hoffman, P.J. and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Probate Court is affirmed. Costs assessed to appellant.
[1] Subsequently, Feyko submitted an affidavit in this matter attesting that the deletions were not made by him, but "would have been made instead by the Probate Court staff."
[2] At the time of the filing of the notice of appeal, Appellant's Motion to Terminate the Guardianship remained pending and is not the subject of this appeal.
[3] (1866)16 Ohio St. 455, 465-466. See also, In re Guardianship ofJadwisiak (1992), 64 Ohio St.3d 176, 180, 593 N.E.2d 1379 (noting that the probate court is "superior guardian, while the guardian himself is deemed to be an officer of the court.").
[4] R.C. 2111.03(D)(3).
[5] In the Matter of the Guardianship of Florence E. Rawlins, Marion App. No. 9-82-47, 1983 WL 7278; In re: Minor of Patricia Aron, Cuyahoga App. No. 37398, 1978 217998; In re Guardianship of Kelley (1964)1 Ohio App.2d 137, 204 N.E.2d 96; In re Koenigshoff (1954), 119 Ohio App. 39,119 N.E.2d 652.
[6] Id.
[7] State v. Wemer (1996), 112 Ohio App.3d 100, 103,677 N.E.2d 1258.
[8] Columbia Gas Transmission Corp. v. Levin, 117 Ohio St.3d 122,882 N.E.2d 400, 2008-Ohio-511 at ¶ 19, citing, Lancaster Colony Corp. v.Limbach (1988), 37 Ohio St.3d 198, 199, 524 N.E.2d 1389.
[9] R.C. 2111.01(E) and 2111.04(A)(2)(b).
[10] In re Alyce Schmieler, Cuyahoga App. No. 54283, 1988 WL 113641, citing State, ex rel. Masterson v. Ohio State Racing Comm. (1954),162 Ohio St. 366.
[11] We can find nothing in the law that permits or suggests that a clerk can delete or alter information submitted on guardianship forms. In fact, we highly disapprove of the alterations made by the clerk as it simply invites error. *Page 1