[Cite as *In re Guardianship of Whitmer*, 2023-Ohio-1084.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: GUARDIANSHIP OF
MARGARET E. WHITMER

C.A. No.  30252

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.  CV-2021-GA-00152

DECISION AND JOURNAL ENTRY

Dated: March 29, 2023

FLAGG LANZINGER, Judge

{¶1}   Appellant, Claire E. Whitmer (Claire), appeals from the decision of the Summit County Court of Common Pleas, Probate Division, denying her motion to terminate the guardianship of Margaret E. Whitmer (Margaret). This Court affirms.

I.

{¶2}   On June 21, 2021, the probate court appointed Mary K. Whitmer (Mary) as guardian of Margaret. Margaret, age ninety-four, was adjudged mentally incompetent. There is no dispute regarding Margaret's lack of competence to handle her own affairs.

{¶3}   Margaret had five children, Charles, Claire, Dorothy, Mary, and Robert. On February 11, 2019, Margaret executed durable powers of attorney for health care and property. Margaret named Claire and Robert as co-agents and to serve as guardians for Margaret should a guardianship be established.

{**¶4**}    In May 2021, Robert died unexpectedly. He was serving as Margaret's primary caretaker. In response to Robert's untimely death, a week later, Mary applied for appointment of guardian for Margaret. Shortly after, notice of hearing was delivered by the probate court to Claire, a resident of California, via certified mail. The following month, Claire responded to the application of Mary to become guardian by providing an affidavit and the executed powers of attorney to the court. The Court Investigator referenced those powers of attorney within the report dated June 17, 2021.

{**¶5**}    On June 21, 2021, the magistrate's decision appointing Mary as guardian of Margaret was filed. No party properly objected to the magistrate's decision, nor was a timely appeal filed against the appointment of Mary as guardian.

{**¶6**}    Four months later, Claire filed an application to terminate guardianship and a request for evidentiary hearing. Both were denied by the magistrate. Claire filed objections, Mary responded, and the trial court adopted the magistrate's decision. Claire has appealed, raising three assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE PROBATE COURT ERRED IN HOLDING THAT THE MAGISTRATE HAD COMPLIED WITH R.C. 2111.02(C)(5), REQUIRING THAT A PROBATE COURT SHALL CONSIDER A LESS RESTRICTIVE ALTERNATIVE TO GUARDIANSHIP.

### ASSIGNMENT OF ERROR III

THE PROBATE COURT'S APPOINTMENT OF A GUARDIAN VIOLATED THE WARD'S RIGHT TO LIBERTY CONFERRED BY ARTICLE I, SECTION 1 OF THE OHIO CONSTITUTION.

**{¶7}** In her first assignment of error, Claire argues that the trial court erred by appointing Mary as guardian. Claire asserts that the trial court stated that it had considered the powers of attorney as a less restrictive option but did not set forth its considerations in full detail. In her third assignment of error, Claire argues that the appointment of Mary as Guardian violated Margaret's right to liberty when the probate court failed to uphold the powers of attorney executed by Margaret.

**{¶8}** "[R]es judicata bars the consideration of issues that could have been raised on direct appeal." *State v. Schell*, 9th Dist. Lorain No. 21CA011816, 2022-Ohio-4142, ¶ 6, quoting *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 11. *See also State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. In doing so, it "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18.

**{¶9}** Claire's argument that Mary's appointment was improper is barred by res judicata. Claire had the opportunity to challenge Mary's appointment on direct appeal, but she did not. *See LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 123 (1987); *Wells v. Wells*, 9th Dist. Summit No. 25557, 2012-Ohio-1392, ¶ 58. Under these circumstances, Claire cannot now challenge, in this appeal, Mary's original appointment as guardian.

**{¶10}** Claire's first and third assignments of error are overruled.

### ASSIGNMENT OF ERROR II

THE PROBATE COURT ERRED IN CONCLUDING THAT NEITHER OF THE R.C. 2111.47 GROUNDS FOR TERMINATING A GUARDIANSHIP WERE PRESENT.

**{¶11}** In her second assignment of error, Claire argues that the probate court erred when it denied her motion to terminate the guardianship. Claire further argues that the letters of appointment were improperly issued. Claire contends that the court granted them even though executed powers of attorney were presented during the original consideration for the appointment. She argues that existence of the executed power of attorney supports terminating a guardianship as outlined in R.C. 2111.47 and is grounds for terminating the guardianship. We disagree.

**{¶12}** An appellate court employs a *de novo* standard when the issue presented for appellate review presents purely a question of law. *Lucas v. Ford Motor Co.*, 9th Dist. Summit No. 28622, 2018-Ohio-3765, ¶ 16.

> Revised Code Section 2111.47 provides that, 'upon satisfactory proof that the necessity for [a] guardianship no longer exists or that the letters of appointment were improperly issued, the probate court shall order that the guardianship of an incompetent terminate * * *.' This Court has recognized that, under Section 2111.47, if the evidence proves that the necessity for a guardianship no longer exists, '[t]he court is under a mandatory duty to terminate the guardianship[.]'

**{¶13}** (Alterations sic.) *In re Nauth*, 9th Dist. Medina 15CA0025-M, 2016-Ohio-5089, ¶ 6, quoting *Old Phoenix Natl. Bank of Medina v. Oenslager*, 9th Dist. Medina No. 1586, 1987 WL 18683, *2 (Oct. 14, 1987).

**{¶14}** R.C. 2111.47 outlines two ways a guardianship may be terminated following an appointment: (1) upon proof that the necessity for the guardian no longer exists, or (2) if the letters of appointment were improperly issued. Claire submitted no evidence at the trial level, nor did she argue, that the necessity of the guardship no longer exists. Claire does not contest that the first reason for terminating a guardianship under R.C. 2111.47 does not apply in this case. Her argument relies on an interpretation of the second reason for terminating a guardianship under R.C. 2111.47, claiming that the letters of appointment were improperly issued and therefore the guardianship should be terminated. Claire argues that because executed powers of attorney exist, the letters of

appointment were improperly issued under R.C. 2111.02(C)(5). She contends that powers of attorney would be a less restrictive alternative to a guardianship. Claire's argument lacks merit in two respects.

{¶15} First, Claire's collateral attack on the order appointing the Guardianship is barred by the doctrine of *res judicata*. Claire did not establish (1) that the necessity of the guardianship no longer exists, or (2) that the letters of appointment were improperly issued. Her application of the statute's language seeks to challenge a determination made by the probate court when appointing Mary as guardian, now claiming that Mary's appointment was not the least restrictive option. "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). Claire did not object to, or appeal, that valid, final judgment appointing Mary as guardian. Claire is therefore barred from collaterally attacking the appointment of the guardian now. With that specific argument, the doctrine of *res judicata* applies.

{¶16} Second, Claire's argument lies in an incorrect interpretation of the second reason of termination of R.C. 2111.47. The relevant portion of the statute reads, "upon satisfactory proof that * * * the letters of appointment were improperly issued, the probate court shall order that the guardianship of an incompetent terminate * * *." A probate court does not "improperly issue" letters of guardianship when it considers a power of attorney but determines that a lesser restriction than guardianship is not available under R.C. 2111.02. The probate court did not err in finding neither of the grounds for terminating a guardianship were present.

{¶17} Claire's second assignment of error is overruled.

III.

**{¶18}** Claire's first, second, and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Probate Division is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, J.
CONCURS.

SUTTON, P. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶19} While I concur in the majority's judgment, I write separately regarding the disposition of the assignments of error.

{¶20} R.C. 2111.47 states, in relevant part, "[u]pon reasonable notice to the guardian, to the ward, and to the person on whose application the appointment was made, *and upon satisfactory proof that the necessity for the guardianship no longer exists or that the letters of appointment were improperly issued*, the probate court shall order that the guardianship of an incompetent terminate and shall make an appropriate entry upon the journal." (Emphasis added.)

{¶21} Here, in attempting to terminate the guardianship, the record reveals Claire did not present satisfactory proof that: (1) the necessity for the guardianship no longer exists; or (2) the letters of appointment were improperly issued. Instead, Claire improperly attempted a collateral attack on the original appointment of Mary as Margaret's guardian for reasons other than those available to her in R.C. 2111.47. Specifically, Claire contended the existence of Margaret's executed power of attorney, which the trial court considered in appointing Mary as Margaret's guardian, supported terminating the guardianship.

{¶22} R.C. 2111.47, however, does not allow termination of a guardianship on this basis because it is not an issue that goes to the *power* of the probate court to create guardianships. *See In the Matter Rawlins*, 3d Dist. Marion No. 9-82-47, 1983 WL 7278, *2 (June 7, 1983) (a jurisdictional error that "goes to the 'power' of the court to create guardianships, can be raised in either collateral proceedings (R.C. 2111.47) or direct appeal."); *see also In re Guardianship of Kelley*, 1 Ohio App.2d 137, 142 (3d Dist.1964) ("[t]he service of the notice prescribed by [] statute thus was a condition precedent to the appointment of a guardian, and letters of appointment issued without such notice would be 'improperly issued,' the proof of which would be grounds under

Section 2111.47, Revised Code, for the termination of the guardianship."); *see also In re Guardianship of Baker*, 5th Dist. Fairfield No. 07CA00065, 2008-Ohio-5079, ¶ 33 ("Courts have ruled that an order of appointment may be attacked collaterally [pursuant to R.C. 2111.47] by moving that the appointment be set aside because the parties were not given proper notice.").

**{¶23}** I would therefore combine Claire's three assignments of error and, pursuant to R.C. 2111.47, overrule them on their merits.

APPEARANCES:

CLAIR E. WHITMER, pro se, Appellant.

TODD A. MAZZOLA and KATHRYN A. BELFANCE, Attorneys at Law, for Appellee.